UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RONNIE SMITH,

    Petitioner,

    v.                              CAUSE NO.: 3:19-CV-743-PPS-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Ronnie Smith, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (WCC 19-5-110) at the Westville Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of engaging in an unauthorized financial transaction in violation of Indiana Department of Correction Offense 220. Following a disciplinary hearing, he was sanctioned with a loss of thirty days earned credit time, but the sanction was suspended pending good behavior for six months. Since filing the petition, Smith has clarified that the finding of guilt affected his sentence because he is no longer able to enroll in an educational program, which would have afforded him the opportunity to earn six months of good time credit. Pursuant to Section 2254 Habeas Corpus Rule 4, I must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Smith argues that he did not receive a fair disciplinary hearing or appeal process, but he does not represent that he lost earned credit time or was demoted in credit class

as a result of these proceedings. "[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254." *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009). While the sanctions included a loss of earned credit time, this sanction was suspended, and there is no indication that it has been imposed. Additionally, Smith cannot challenge his lack of access to an educational program in a habeas proceeding even if it deprives him of the opportunity to earn good time credit. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (denial of opportunity to earn credit must be challenged under Section 1983); *Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000) (exclusion from prison programs, if actionable, must be challenged under Section 1983). This is because Smith has no legal entitlement to the good time credit and because the right to procedural due process does not apply to "action that merely *might* affect the duration of a sentence." *Hadley*, 341 F.3d at 665 (emphasis in original) (quotation omitted). Therefore, Smith's arguments regarding the fairness of the disciplinary proceedings are not a basis for habeas relief.

Because Smith has not asserted a valid claim for habeas relief, the habeas petition is denied. If Smith wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court of Cook County, Ill.*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because I find pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 2, 5);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Ronnie Smith leave to proceed in forma pauperis on appeal.

**SO ORDERED**.

ENTERED: November 6, 2019.

/s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**
